Filed 8/19/14  P. v. Dawson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060590 |
| v. | (Super.Ct.No. FSB08119) |
| GLEN ERVIN DAWSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lynelle K. Hee, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Glen Ervin Dawson appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three

Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1]  A notice of appeal was filed on defendant's behalf on February 5, 2014.[2]  We affirm.

PROCEDURAL BACKGROUND

On June 12, 1996, pursuant to a plea agreement, defendant pled guilty to one count of attempted murder (§§ 664/187, subd. (a)) and admitted that he used a knife in the commission of the offense.  (Former § 12022, subd. (b).)  The parties agreed to a court trial on the prior strike convictions.  A trial court found that he had two prior strike convictions (§§ 1170.12, subd. (a)-(d) & 667, subd. (b)-(i)) and that he was convicted of a serious prior felony (§ 667, subd. (a)(1)).  The court also denied defendant's motion to strike the prior convictions.  The court sentenced defendant pursuant to section 667, subdivision (e)(2), to a total state prison term of 33 years to life.

---

[1]  All further statutory references will be to the Penal Code, unless otherwise noted.

[2]  We note that the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court.  (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].)  Even if we were to conclude it was a nonappealable order, we could treat, in the interest of judicial economy and because of uncertainty in the law, defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate.  (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].)  In any event, we will review defendant's appeal.

On November 5, 2013, defendant filed an in propria persona petition for recall of sentence under section 1170.126. The court denied the petition since defendant's current conviction was for a serious offense, which made him ineligible for resentencing under section 1170.126. (§ 1170.126, subd. (e)(1).)

ANALYSIS

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying one potential arguable issue: whether the trial court erred in denying defendant's petition for resentencing under section 1170.126.

Defendant was offered an opportunity to file a personal supplemental brief, which he has done. In a handwritten supplemental brief, defendant claims that: (1) he had a right to invite the court hearing his resentencing petition to strike a prior strike conviction pursuant to section 1385, subdivision (a); and (2) such court had the discretion to strike one or more of his prior strikes. However, defendant did not raise these issues in his petition for recall of sentence. Thus, he has waived them on appeal. (*People v. Burgener* (2003) 29 Cal.4th 833, 869.) In any event, the record reflects that defendant previously filed a motion to strike his prior convictions, and the trial court denied it.

Defendant also claims that he had a statutory and constitutional right to be present at the Proposition 36 eligibility hearing, since it was "a critical stage" of the sentencing

3

process.  In support of his position, he cites section 1193, subdivision (a).  Section 1193, subdivision (a), provides that a defendant shall be personally present "when *judgment* is pronounced against him . . . ."  (Italics added.)  However, judgment was pronounced in 1996, and defendant was present at that hearing.  Moreover, the current hearing was held only to determine his eligibility for resentencing.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST<br>Acting P. J.

We concur:


McKINSTER
                    J.


RICHLI
                    J.

4